NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
KATHARINE SCHONBACHLER (Cal. Bar No. 222875)
Assistant United States Attorney
Asset Forfeiture Section
   312 North Spring Street, 14th Floor
   Los Angeles, California 90012
   Telephone: (213) 894-3172
   Facsimile:  (213) 894-0142
   E-mail:  Katie.Schonbachler@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> 177 CARTONS OF ELECTRONIC TABLETS, <br><br> Defendant. | NO. CV 20-10665 <br><br> VERIFIED COMPLAINT FOR FORFEITURE <br><br> 19 U.S.C. §§ 1526(e) and 1595a(c)(2)(C) <br><br> [C.B.P.] |

Plaintiff United States of America brings this claim against the defendant 177 Cartons of Electronic Tablets, and alleges as follows:

**JURISDICTION AND VENUE**

1. The government brings this in rem forfeiture action pursuant to 19 U.S.C. §§ 1526(e) and 1595a(c)(2)(C).

2. This court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C § 1395.

## PERSONS AND ENTITIES

4. The plaintiff in this action is the United States of America.

5. The defendant in this action is 177 Cartons of Electronic Tablets (the "defendant"), which consists of 5,027 pieces and was contained within the shipment presented for entry into the United States of America at the Los Angeles/Long Beach Port of Entry ("LA/LB Seaport") on or about July 11, 2016 as Entry Number 435228146.

6. The defendant was seized on or about August 26, 2016, by the United States Customs and Border Protection ("CBP") and is currently in the custody of CBP in this District, where it will remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of OK Tunes Communication Co., LTD., B&I Traders, California Cartage Company, LLC, Bluetooth SIG, Inc., and Universal Serial Bus Implementers Forum, Inc. may be adversely affected by these proceedings.

## EVIDENCE SUPPORTING FORFEITURE

8. On or about July 11, 2016, the shipment that contained the defendant arrived via ship at the LA/LB Seaport from Shenzhen, China in container number OOLU7502292. The entry documents for Entry Number 435228146 identified OK Tunes Communication Co., LTD. ("OK Tunes") as the shipper, B&I Traders ("B&I") as the shipment's importer and ultimate consignee, Globe Trade Services, Inc. ("Globe Trade") as the bonded carrier, Carolina Trucking, Inc. as the trucker, FCC Logistics, Inc. ("FCC Logistics") as the freight forwarder, and California Cartage Company, LLC ("California Cartage") as the lienholder. The merchandise was manifested as 405 cartons of tablets.

9. On or about July 8, 2016, CBP's In-Bond Enforcement Team selected the in-bond[1] shipment containing the defendant for examination. On July 22, 2016, CBP

---

[1] In-bond entry for transportation and exportation is classified as a shipment that is imported through a United States port of entry and then transported and exported by a bonded carrier to a foreign port of entry, such as Mexico in the instant matter.

2

conducted an examination of the tablets, some of which, when powered on, revealed a design mark under the "Settings" display nearly identical to a registered trademark owned by Bluetooth SIG, Inc. ("Bluetooth"). The packaging for some of the tablets also contained a design mark nearly identical to a registered trademark owned by Universal Serial Bus Implementers Forum, Inc. ("USB"). Both marks on the defendant are depicted below:




10. On July 25, 2016, CBP contacted FCC Logistics for assistance in obtaining copies of licensing agreements or letters for authorized use of the Bluetooth and USB trademarks found on some of the tablets.

11. On August 1, 2016, CBP contacted Globe Trade for assistance in obtaining copies of licensing agreements or letters for authorized use of the Bluetooth and USB trademarks found on some the tablets.

12. On August 5, 2016, Solomon Ho of E-Vision, Inc., emailed CBP Import Specialist Artemio "Art" Perez indicating he was assisting FCC Logistics in obtaining the requested documents. On August 10, 2016, Mr. Ho provided a one-page Bluetooth "Qualified Design Listing" document dated February 25, 2014 for the company "RDA Microelectronics, Inc." for a "controller subsystem," model number RDA5991. Mr. Perez responded to Mr. Ho in a follow-up email on August 10, 2016, that RDA

Microelectronics Inc. did not appear to be a party with respect to, nor in any way connected to, any part of the shipment involving the defendant. Mr. Ho did not provide copies of any licensing agreements or letters of authorization permitting use of the respective Bluetooth and USB trademarks on the tablets.

13. Based upon its examination of the defendant, CBP determined that the defendant violated United States trademarks belonging to Bluetooth and USB. The violated Bluetooth trademark was registered with the United States Patent and Trademark Office ("USPTO") on December 21, 2004, on the Principal Register as Registration Number 2911905 (the "Bluetooth Trademark") for the "Bluetooth and B Design Mark." In addition, the Bluetooth Trademark was registered with CBP as CBP Recordation Number TMK 06-00538 through March 21, 2025. The Bluetooth Trademark is used on products including communications by computer terminals and computer aided transmission of messages and images, among other things. The Bluetooth Trademark constitutes prima facie evidence of trademark registrant Bluetooth's exclusive right to use the Bluetooth Trademark. The Bluetooth Trademark is depicted below:

**❁ Bluetooth**

14. The violated USB trademark was registered with the USPTO on May 9, 2006, on the Principal Register as Registration Number 3090935 (the "USB Trademark") for the "Certified Hi-Speed USB" logo. In addition, the USB trademark was registered with CBP as CBP Recordation Number TMK 12-00355 through August 9, 2026. The USB Trademark is used on products including computers and computer hardware, among other things. The USB Trademark constitutes prima facie evidence of

4

1  trademark registrant USB's exclusive right to use the USB Trademark. The USB
2  Trademark is depicted below:



9   15.  Consequently, CBP determined that the 177 cartons of tablets named as the
10  defendant in this lawsuit contained counterfeit marks as the tablets, including their
11  packaging, were substantially indistinguishable from the trademarks owned by Bluetooth
12  and USB, registered with the USPTO, and recorded with CBP. The remaining 228
13  cartons of tablets (out of the 405 cartons of tablets within the shipment) did not appear to
14  contain counterfeit marks and were released on or about August 2, 2016.
15   16.  On or about August 26, 2016, CBP formally seized the defendant pursuant
16  to 19 U.S.C. § 1526(e) and 19 C.F.R. § 133.21 for trademark infringement.

                              FIRST CLAIM FOR RELIEF

18   17.  Based on the above, plaintiff alleges that the defendant is merchandise
19  containing the infringing marks in violation of 15 U.S.C. § 1124 (prohibiting importation
20  of goods which copy or simulate a registered trademark). The defendant is therefore
21  subject to forfeiture pursuant to 19 U.S.C. § 1526(e).

                              SECOND CLAIM FOR RELIEF

23   18.  Based on the above, plaintiff alleges that the defendant bears counterfeit or
24  infringing marks within the meaning of 15 U.S.C. § 1127 (a spurious mark which is
25  identical with or substantially indistinguishable from a registered trademark) and is
26  merchandise introduced or attempted to be introduced into the United States contrary to
27  15 U.S.C. § 1124 (prohibiting importation of goods which copy or simulate a registered
28

trademark). The defendant is therefore subject to forfeiture pursuant to 19 U.S.C. § 1595a(c)(2)(C).

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the defendant;

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the defendant to the United States of America for disposition according to law; and

(d) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

DATED: November 23, 2020

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


 */s/ Katharine Schonbachler*
KATHARINE SCHONBACHLER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## VERIFICATION

I, Lee Baxley, hereby declare that:

1. I am the Fines, Penalties and Forfeitures Officer of United States Customs and Border Protection, Office of Fines, Penalties & Forfeitures, Los Angeles.

2. I have read the above Complaint for Forfeiture and know the contents thereof.

3. The information contained in the Complaint is either known to me personally, was furnished to me by official government sources, or was obtained pursuant to subpoena. I am informed and believe that the allegations set out in the Complaint are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 18th, 2020 in Long Beach, California.

_____
Lee Baxley